# Exhibit 1

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARRIE CASTILLO, ANASTASSIA LETOURNEAU, and JACQUELYN MYHRE**, on behalf of themselves and all others similarly situated,<br><br>    **Plaintiffs,**<br> -against-<br><br>**NOODLES & COMPANY,**<br><br>    **Defendant.** | No. 16-cv-3036<br><br>Hon. Andrea R. Wood |

## EXHIBIT COVER SHEET

  1. **Exhibit 1** is the Declaration of Justin M. Swartz in Support of Plaintiffs' Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs.

    a. Attached as **Exhibit A** is a true and correct copy of the Parties' Joint Stipulation and Release ("Settlement Agreement"). Exhibit A to the Settlement Agreement is the proposed Approval Order and Judgment Approving Settlement. Exhibit B to the Settlement Agreement is the Official Court Notice of Settlement and Opportunity to Join ("Settlement Notice and Claim Form").

    b. Attached as **Exhibit B** is a true and correct copy of *Briggs v. PNC Fin. Servs. Grp. Inc.*, No. 15 Civ. 10447 (N.D. Ill. Nov. 29, 2016).

    c. Attached as **Exhibit C** is a true and correct copy of *Watson v. BMO Fin. Corp.*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016).

    d. Attached as **Exhibit D** is a true and correct copy of *Besic v. Byline Bank, Inc.*, No. 15 Civ. 8003 (N.D. Ill. Oct. 26, 2015).

    e. Attached as **Exhibit E** is a true and correct copy of *Blum v. Merrill Lynch & Co., Inc.*, No. 15 Civ. 1636 (S.D.N.Y. May 6, 2016).

    f.  Attached as **Exhibit F** is a true and correct copy of *Anwar v. Transp. Sys., Inc.*, No. 13 Civ. 2666 (S.D.N.Y. Nov. 17, 2014).

    g.  Attached as **Exhibit G** is a true and correct copy of *Rusin v. Chicago Tribune Co.*, No. 12 Civ. 1135 (N.D. Ill. June 26, 2013).

    h.  Attached as **Exhibit H** is a true and correct copy of the May 15, 2015 transcript of settlement approval hearing in *Prena v. BMO Fin. Corp.*, No. 14 Civ. 9175 (N.D. Ill.).

    i.  Attached as **Exhibit I** is a summary of out-of-pocket expenses incurred by O&G ("O&G cost summary").

  2.  **Exhibit 2** is the Declaration of Gregg I. Shavitz in Support of Plaintiffs' Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs.

  3.  **Exhibit 3** is the Declaration of Rowdy B. Meeks in Support of Plaintiffs' Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs.

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARRIE CASTILLO, ANASTASSIA LETOURNEAU, and JACQUELYN MYHRE,** on behalf of themselves and all others similarly situated,<br><br>      **Plaintiffs,**<br> -against-<br><br>**NOODLES & COMPANY,**<br><br>      **Defendant.** | No. 16-cv-3036<br><br>Hon. Andrea R. Wood |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT, SERVICE AWARDS,
AND ATTORNEYS' FEES AND COSTS**

I, Justin M. Swartz, declare as follows:

  1.  I am a partner at the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiffs' Counsel herein, and co-chair of its Class Action Practice Group. O&G is a 50+ attorney firm with offices in Chicago, New York City and San Francisco, and that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation, that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

  2.  Along with lawyers at Shavitz Law Group, P.A., Rowdy Meeks Legal Group LLC and Lewis, Kuhn, Swan PC, I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims against Defendant Noodles & Company (referred to herein as "Noodles" or "Defendant").

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998, and the bar of the State of New York in 2002. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998, through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases. From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7. Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8. I am or was co-lead counsel on many wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008). Others include *Briggs v. PNC Financial Services Group, Inc.*, No. 15 Civ. 10446, 2016 WL 1043429 (N.D. Ill. Mar. 16, 2016)

2

(certifying collective of nationwide assistant managers); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015) (certifying collective of nationwide assistant managers); *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740, 2015 WL 260436, at *1 (S.D.N.Y. Jan. 20, 2015) (certifying collective of nationwide tipped workers); *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712, 2014 WL 5794655, at *2-4 (S.D.N.Y. Nov. 4, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (certifying class action under New York Labor Law and appointing O&G as class counsel); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013) (same); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *2-4 (E.D.N.Y. Aug. 6, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (same); and *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (granting class certification and appointing O&G class counsel in multi-state wage and hour class action).

    9.  I am a member of the National Employment Lawyers Association ("NELA") and

serve on the Executive Board of its New York Chapter ("NELA/NY"). I am co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

10. I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the New York City Bar Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

12. Christopher M. McNerney is an Associate at O&G who works in the Class and Collective Action Practice Group. He represents employees in litigation and negotiation in all areas of employment law, including wage and hour and discrimination class actions. Before joining O&G in 2013, he clerked with the Honorable Sarah Netburn of the Southern District of New York. Mr. McNerney received his B.A., *cum laude*, from Macalester College in 2005, and

4

his J.D., *cum laude*, from New York University School of Law in 2012. Mr. McNerney has worked with me on many cases including *Briggs v. PNC Financial Services Group, Inc.*, No. 15 Civ. 10446 (N.D. Ill.).

**O&G's General Expertise**

13. O&G is experienced and nationally recognized for its expertise in litigating complex class actions, including wage and hour cases like this one. *See, e.g.*, *Jacob v. Duane Reade, Inc.*, No. 11-CV-0160 (JPO), 2016 WL 3221148, at *1 (S.D.N.Y. June 9, 2016) (denying motion to decertify class and collective of assistant store managers); *Briggs v. PNC Financial Services Group, Inc.*, No. 15 Civ. 10446, 2016 WL 1043429 (N.D. Ill. Mar. 16, 2016) (certifying collective of nationwide assistant managers); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015) (certifying collective of nationwide assistant managers); *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740, 2015 WL 260436, at *1 (S.D.N.Y. Jan. 20, 2015) (certifying collective of nationwide tipped workers); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that "[b]ased on the firm's performance before [the court] in this and other cases and its work in the foregoing and other cases, [the court has] no question that it will prosecute the interests of the class vigorously."); *Beckman*, 293 F.R.D. at 477 (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G as class counsel); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 622

5

(S.D.N.Y. 2012) (O&G attorneys "have substantial experience prosecuting wage and hour and other employment-based class and collective actions."); *Johnson*, 2011 WL 1872405, at *2 (May 17, 2011) (appointing O&G as class counsel); *McMahon*, 2010 WL 2399328, at *6 (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia*, 250 F.R.D. at 158 (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

**Factual Allegations**

14. Plaintiffs are former employees of Defendant who worked as Assistant General Managers ("AGMs"). Castillo worked as an AGM at Defendant's store located in Wheaton, Illinois, from approximately April 2013 to December 2014. Letourneau worked as an AGM at Defendant's stores in West St. Paul, Roseville, and Richfield, Minnesota, from approximately August 2007 to April 2014. Myhre worked as an AGM at Defendant's store located in Edina, Minnesota, from approximately May 2012 to March 2014. Carter worked as an AGM at Defendant's stores located in Colorado Springs, Colorado, from approximately January 2015 to February 2016.

**Overview of Investigation, Litigation and Settlement Negotiations**

15. Before the initiation of this action, Plaintiffs' Counsel conducted a thorough investigation into the merits of the potential claims and defenses.

16. Plaintiffs' Counsel focused their investigation and legal research on the underlying merits of the potential class and collective action members' claims, the damages to which they were entitled, and the propriety of collective action certification.

6

17. Plaintiffs' Counsel obtained and reviewed documents from Plaintiffs and other sources, including job descriptions, pay records, and corporate documents.

18. Plaintiffs' Counsel also conducted in-depth interviews of multiple AGMs.

19. In a letter dated November 20, 2016, Outten & Golden LLP ("O&G") and the Shavitz Law Group, P.A. ("SLG") informed Defendant of the allegations that AGMs were misclassified as exempt and of their intent to litigate if a pre-litigation settlement could not be reached.

20. While pre-mediation discussions between counsel for Defendant, O&G and SLG were ongoing, on February 10, 2016, the *Carter* Plaintiff commenced a separate action against Noodles in the District of Colorado, *Carter v. Noodles & Company*, No. 16 Civ. 319 (D. Colo. Feb. 10, 2016), pleading claims on behalf of a Colorado state law class and a proposed nationwide FLSA collective.

21. On March 10, 2016, Plaintiffs Carrie Castillo, Anastassia Letourneau, and Jacquelyn Myhre filed their collective and class action Complaint in the Northern District of Illinois, on behalf of AGMs nationwide, alleging violation of the FLSA and Illinois and Minnesota wage and hour laws. *See* ECF No. 1. On March 14, 2016, Plaintiffs promptly filed a motion for court-authorized notice pursuant to section 216(b) of the FLSA. *See* ECF Nos. 2-3. The Court entered and continued Plaintiffs' motion pending the resolution of Noodles' then-anticipated motion to transfer venue to the District of Colorado. *See* ECF No. 13. On March 31, 2016, Noodles moved to transfer the *Castillo* action to the District of Colorado or stay the *Castillo* action pending the outcome of *Carter*, and the parties extensively briefed that motion. *See* ECF Nos. 15-18; *see also* ECF Nos. 20, 23-25, 27, 29, 31.

22. Meanwhile, the *Carter* Plaintiff served Noodles with discovery demands on April 25, 2016. On May 27, 2016, Plaintiff Carter moved to send FLSA notice. On June 14, 2016, Plaintiff Carter filed a motion to dismiss her suit without prejudice in order to join the *Castillo* litigation. The *Carter* Court granted the *Carter* Plaintiff's motion to dismiss on June 29, 2016. Thereafter, the parties in *Castillo* jointly moved on July 7, 2016 to stay this matter pending mediation, which was granted on July 13, 2016. *See* ECF No. 35.

23. As part of the mediation process, the parties then engaged in an informal exchange of discovery.

24. Defendant produced data to allow the parties to calculate damages, including data showing the number of potential class members in the job title, salaries, and weeks worked.

25. Plaintiffs' Counsel analyzed this data and constructed a damages model.

26. The parties then drafted mediation briefs setting forth their respective positions as to liability and damages, and Plaintiffs provided Defendant with their brief so that Defendant could evaluate the strengths of Plaintiffs' claims.

27. On September 22, 2016, the parties attended private mediation in Chicago, Illinois, with Hunter Hughes, a nationally well-regarded mediator who is experienced in employment law class and collective actions.

28. At the mediation, the parties reached an agreement on the material terms of the settlement.

29. During the ensuing months, the parties finalized the terms of the settlement, which were memorialized in a formal Settlement Agreement executed by the parties on or about November 29, 2016.

**Settlement Claims Administrator**

30. The parties have retained Rust Consulting, Inc. ("Rust"), a wage and hour claims administrator, to serve as the Settlement Administrator.

31. The Settlement Administrator's fees of a maximum of $34,000 will be paid from the Fund. Ex. A ¶ 1.12.

**Settlement**

32. The settlement amount of $3,000,000 is substantial, especially in light of the considerable risk that Plaintiffs face.

33. Plaintiffs' calculations show that the average net settlement award will be approximately $1,329.62 (after fees, service awards, and costs (including settlement administration costs) are netted out).

34. By Plaintiffs' estimate, this is a substantial percentage of the class' lost wages.

35. All Eligible Settlement Class Members' awards will be calculated according to the same allocation formula. There is no "clear-sailing" provision. Plaintiffs' Counsel have drafted a simple notice, planned robust efforts to locate Class Members for whom the initial notices are returned undeliverable, and included reminder notices for participating in the settlement and cashing settlement checks.

**Service Awards**

36. The Named Plaintiffs and *Carter* Plaintiff request approval of service awards of $10,000.00 each. The Service Awards that they request are reasonable given the significant contributions they made to advance the prosecution and resolution of the lawsuit.

37. Plaintiffs took substantial actions to protect the interests of potential collective action members, and those actions resulted in a substantial benefit. They participated in an

9

extensive pre-suit investigation, provided documents crucial to establishing their claims and the claims of the putative Class, extensively reviewed the claims presented, and helped Counsel prepare for the mediation.

38. The *Carter* Plaintiff also responded to discovery requests.

39. Plaintiffs undertook substantial direct and indirect risk. They agreed to bring the action in their names, to be deposed, and to testify if there was a trial.

40. Plaintiffs spent a significant amount of time and effort in pursuing this litigation on behalf of the Eligible Settlement Class Members. This included the time and effort they expended in pre-litigation assistance to Plaintiffs' Counsel in investigating the claims brought, assisting in the preparation and review of the complaint, and preparing for the mediation.

41. The requested Service Awards amount to less than 1.4% of the total recovery, which is a reasonable percentage.

**Attorneys' Fees and Costs**

42. This Settlement will provide the Class with a substantial cash payment. The Settlement Agreement provides that Defendant will pay a maximum settlement amount of $3,000,000.00 to settle all claims against them. This is well within the range of reasonable recoveries for the Class.

43. The settlement represents significant value given the attendant risks of litigation.

44. By Plaintiffs' estimation, the $3,000,000.00 guaranteed settlement amount represents approximately 80% of the class's lost wages, based upon the estimate that each Eligible Class Member worked an average of eight overtime hours per week, which Defendant's records suggest may be considerably higher than the actual average weekly hours.

45. Before agreeing to take on this matter, Plaintiffs' Counsel agreed with the Named Plaintiffs to request no more than one-third of any (at that time uncertain) future recovery, plus costs.

46. As of November 29, 2016, O&G has incurred $20,416.70 in expenses. *See* Ex. I (Cost Summary).

**Exhibits**

47. Attached as **Exhibit A** is a true and correct copy of the Parties' Joint Stipulation and Release ("Settlement Agreement"). Exhibit A to the Settlement Agreement is the proposed Approval Order and Judgment Approving Settlement. Exhibit B to the Settlement Agreement is the Official Court Notice of Settlement and Opportunity to Join ("Settlement Notice and Claim Form").

48. Attached as **Exhibit B** is a true and correct copy of *Briggs v. PNC Fin. Servs. Grp. Inc.*, No. 15 Civ. 10447 (N.D. Ill. Nov. 29, 2016).

49. Attached as **Exhibit C** is a true and correct copy of *Watson v. BMO Fin. Corp.*, No. 15 Civ. 11881 (N.D. Ill. July 11, 2016).

50. Attached as **Exhibit D** is a true and correct copy of *Besic v. Byline Bank, Inc.*, No. 15 Civ. 8003 (N.D. Ill. Oct. 26, 2015).

51. Attached as **Exhibit E** is a true and correct copy of *Blum v. Merrill Lynch & Co., Inc.*, No. 15 Civ. 1636 (S.D.N.Y. May 6, 2016).

52. Attached as **Exhibit F** is a true and correct copy of *Anwar v. Transp. Sys., Inc.*, No. 13 Civ. 2666 (S.D.N.Y. Nov. 17, 2014).

53. Attached as **Exhibit G** is a true and correct copy of *Rusin v. Chicago Tribune Co.*, No. 12 Civ. 1135 (N.D. Ill. June 26, 2013).

54. Attached as **Exhibit H** is a true and correct copy of the May 15, 2015 transcript of settlement approval hearing in *Prena v. BMO Fin. Corp.*, No. 14 Civ. 9175 (N.D. Ill.).

55. Attached as **Exhibit I** is a summary of out-of-pocket expenses incurred by O&G ("O&G cost summary").

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: December 1, 2016
New York, New York

By: */s/ Justin M. Swartz*
Justin M. Swartz
**OUTTEN & GOLDEN LLP**
Justin M. Swartz
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

## CERTIFICATION OF SERVICE

      I hereby certify that on **December 1, 2016**, a copy of the foregoing documents were filed electronically and service made by certified mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by certified mail for anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                                                   */s/ Justin M. Swartz*
                                                                   Justin M. Swartz